

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MEGAN CONGER
*Assistant Corporation Counsel*
mconger@law.nyc.gov
(212) 356-3504

March 1, 2018

**BY ECF**
Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Lehman v. City of New York et al., 18-CV-00706 (BMC) (LB)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of the above-referenced matter. Defendant City of New York ("City") writes to respectfully request that the Court: (1) order plaintiff to provide an unsealing release by a date certain; and (2) set defendant's time to answer or otherwise respond to the Complaint to forty five (45) days after a properly executed unsealing release is received. This is the first such request in this matter and this extension would not affect any other presently scheduled dates in this litigation. Plaintiff does not consent to this request.

    By way of background, plaintiff Brian Lehman filed the complaint on February 01, 2018, against the City, and individually named defendants from the New York City Police Department ("NYPD") and the Queens County District Attorney's Office ("D.A."),[1] alleging, *inter alia*, a claim for selective enforcement of the law in violation of the equal protection clause.[2] See Dkt. No. 1. Specifically, plaintiff alleges that on February 12, 2015, plaintiff went to the 108th Precinct to meet with detectives in connection with a reported domestic violence incident between himself and the mother of his unborn children, which occurred on February 2, 2018. According to the Complaint, plaintiff was arrested and arraigned on the same date. Id. It is

---

[1] Plaintiff's Complaint names individual NYPD defendants John Travaglia, Brian Titterton, Fransisco M. Aria, and Victor Castillo, as well as D.A. defendants Richard A. Brown and Scott E. Kessler. Based on the Docket Report, it is unclear whether any of the individually named defendants have been served yet; however, Summons were issued on the same date that the Summons was issued for defendant City. See Dkt. No. 2.

[2] It is unclear whether plaintiff is also alleging a claim for false arrest.

unclear from a reading of the Complaint what charge(s) were brought against plaintiff; but, the Complaint indicates that the complaining victim claimed she was assaulted by plaintiff. Id. Plaintiff also claims that, subsequent to his arrest, he accepted an adjournment in contemplation of dismissal ("ACD"), and that after four months the charge(s) against him were ultimately dismissed. Id. Based on plaintiff's allegation that the criminal charges against him were dismissed following his agreement to an ACD, it is the City's understanding that the records of the underlying criminal action, including police records, are sealed pursuant to New York Criminal Procedure Law ("NYCPL") § 160.50.

**Motion to Compel Production of 160.50 Release**

In order to comply with our Rule 11 obligations of the Federal Rules of Civil Procedure, this Office must first obtain records of the underlying criminal case so that we can investigate the allegations and make an informed decision in responding to the complaint. See, e.g., Middleton v. City of New York, 10 Civ. 2540 (CBA)(LB), 2010 U.S. Dist. LEXIS 85911, *2 (E.D.N.Y. August 19, 2010) (Ordering plaintiff to sign the release so that defendants can access the sealed records relating to the arrest and prosecution that are the subject of the litigation), citing Cabble v. Rollieson, 04 Civ. 9413 (LTS) (FM), 2006 U.S. Dist. LEXIS 7385, at *27-28 (S.D.N.Y. Feb. 24, 2006) ("The demand for the execution of Section 160.50 Releases is not discovery, and [] the City is entitled to review its own sealed records so that it may conduct the investigation required by Rule 11 prior to answering the Complaint."); see also Foti v. City of New York, 09 Civ. 944 (GEL), 2009 U.S. Dist. LEXIS 36533, at *2 (S.D.N.Y. April 30, 2009) ("The City is entitled to review its own documents to understand the facts and prepare an answer, and is prevented from doing so only by the sealing provisions of NYCPL § 160.50(1), which plaintiff has waived by filing this action.").

In an effort to obtain the necessary records, on February 9, 2018, this Office sent plaintiff a NYCPL § 160.50 release form ("160.50 Release") for execution, which would authorize this Office to gain access to plaintiff's sealed arrest records. Not having received the executed 160.50 Release, on March 1, 2018, defendant City contacted plaintiff in order (1) confirm that he received the unsealing release, (2) to inquire as to whether he returned the executed release (and if not, when this Office should expect to receive it), and (3) to obtain his consent for an enlargement of time to respond to the complaint pending receipt of the unsealing release and necessary arrest and prosecution documents. In response, plaintiff refused to consent to the enlargement of time[3] and informed the undersigned that he will not be providing an executed 160.50 release. In light of the foregoing, defendant City requests that the Court compel plaintiff to produce the executed 160.50 Release by a date certain, so that defendant can access the relevant records and meaningfully respond to the complaint.

---

[3] Plaintiff indicated that he would only consent to the enlargement of time if the City contacted each of the individually named defendants, advised them of this litigation, and obtained their consent to waive of service. However, counsel for the City previously provided plaintiff with the service addresses for each individually named defendant on February 2, 2018. Additionally, counsel explained to plaintiff that he may serve requests for waiver of service upon each individually named defendant at their respective service addresses.

- 3 -

**Request for Extension of Time to Respond to Complaint**

      Additionally, defendant City respectfully requests an extension of forty five (45) days after a properly executed unsealing release is received to answer or otherwise respond to the Complaint, given that it generally takes thirty (30) days or more to obtain documents from the NYPD, criminal court, and the D.A.'s office once an unsealing release is received by this Office. This extension should provide sufficient time for this Office to obtain the necessary records, investigate the allegations, and appropriately respond to this Complaint.

      For the foregoing reasons, it is respectfully requested that the Court: (1) order plaintiff to provide an unsealing release by a date certain; and (2) set defendant's time to answer or otherwise respond to the Complaint to forty five (45) days after a properly executed unsealing release is received.

      Thank you for your consideration of the requests herein.

      Very truly yours,

      /s/

      Megan Conger
      *Assistant Corporation Counsel*

cc: **BY ECF & FIRST CLASS MAIL**
     Brian Lehman
     *Plaintiff Pro Se*
     244 5th Avenue, Ste. B258
     New York, NY 10001
     (724) 453-4626